

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:                    Attention:  Mr. H. Morris Stevens

Opinion No. O-2099
Re: Is the assumption by grantee in
a deed of a pre-existing lien
indebtedness upon the property
described therein, subject to
the excise stamp tax levied by
Article 7047e, Vernon's Annotat-
ed Civil Statutes, where such
pre-existing lien indebtedness
was executed in favor of an in-
strumentality of the federal
government and therefore exempt
from said tax upon its filing
and recordation in the office of
the County Clerk under the Regis-
tration Laws of this State?

By your letter of March 18, 1940, you submit
for the opinion of this department, the following ques-
tion, which we copy therefrom:

"I have been requested by the County Clerk
of McLenhan County to obtain a ruling from you
on the following question.

"'Would State Note Stamps be required on
a deed, wherein the grantee assumes a pre-
existing indebtedness; such pre-existing in-
debtedness being secured by a lien on which
State Note Stamps were not paid when it was
filed for record, because the lien was in
favor of an instrumentality of the Federal
Government that was exempt from the payment
of such tax'?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Charley Lockhart, page 2

In our Opinion No. O-1328, it was held that an assumption and promise to pay by the vendee in a deed of a pre-existing lien indebtedness not theretofore stamped, would be subject to the excise stamp tax levied by Article 7047e, Vernon's Annotated Civil Statutes, upon the theory that upon the assumption by the vendee in a deed of a pre-existing debt or obligation of the vendor, equity implies a lien to secure the performance of the assumption.

We think the holding of the cited opinion would be entirely applicable to the instant question, despite the fact that the original indebtedness, payment of which is assumed in the deed involved, was not subject, upon recordation to the excise stamp tax levied by Article 7047e, V.A.C.S., because the instrument evidencing such indebtedness ran in favor of an instrumentality of the Federal Government, which enjoyed and admitted immunity from state taxation. The equitable lien obligation created by the execution of the deed in question, containing the express assumption and promise to pay, does not run in favor of this instrumentality of the Federal Government, but rather in favor of the vendor in the instrument, a private individual, subject in all things to the tax laws of Texas. Hence, the excise tax in question accrues in connection with the recording of the deed containing the assumption agreement, but its amount is determined and measured by the amount of the pre-existing indebtedness. The fact that such pre-existing indebtedness, or rather the instrument evidencing same, was not subject to this tax, does not, in our opinion, destroy the application of Opinion No. O-1328 to this question.

We accordingly answer your question in the affirmative, and enclose for your convenience and information a copy of our Opinion No. O-1328, referred to in the above discussion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:jm
Enol.

APPROVED MAY 2, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN